SEWER IMPROVEMENT DISTRICT No. 1 *v.* DUGGANS.

Opinion delivered January 7, 1929.

800

*Pearson & Pearson,* for appellant.

*W. A. Dickson* and *Price Dickson,* for appellee.

Kirby, J., (after stating the facts). It is insisted for reversal of the judgment that it is not supported by sufficient testimony and that the court erred in giving said instructions No. 4 and No. 7.

The burden was upon appellee to show that he was entitled to recover in the action and the amount of such recovery. He testified that the only contract made by him with the sewer board was limited to the expenditure of the $600 paid in by Jackson and Graham for its construction, and that nothing was said about stopping the work when the money was expended. That he reported that the $600 had been expended, when it was done, to McIlroy and also to Mr. Graham, but had no further agreement with McIlroy, nor was he directed by him to proceed further. He relied for recovery upon the fact that he continued with the construction, after the expenditure of the $600 provided therefor, at his own expense,

upon the theory that the members of the commission saw him doing the work without any objection thereto, allowing him to complete the sewer, which was accepted and used by the city.

According to McIlroy, the officer and agent of the district, with whom the contract was claimed to have been made, no authority whatever was given for the expenditure of any more money than the $600 that had been provided for the purpose by individuals living in the territory to be served by the construction of the sewer. He denied any knowledge whatever of any expenditures by appellee of his own funds in the completion of the sewer after the expenditure of the said $600 provided therefor until more than a year after its completion, and explained his asking appellee about the progress of the work in the belief only that appellee was proceeding with the construction of the sewer under the authorization only for the expenditure of the said amount contributed therefor, the estimated cost of construction, $600.

There was therefore no substantial testimony warranting the jury's finding, and the contention that the judgment is not supported by sufficient evidence must be sustained. Since the judgment must be reversed, and there may be a new trial, it is necessary also to pass upon the other assignments of error.

Instruction No. 4, objected to, was erroneous in telling the jury that, if they found that McIlroy was employed to oversee the building of the sewer, and performed the services, and if they found, after the funds provided had been exhausted, that the agent and officer of the district, McIlroy, further authorized plaintiff to go ahead and finish the sewer, and that he had completed it in good faith and paid for its construction out of his own money, the verdict should be for the plaintiff against the district "for the amount you find plaintiff has expended."

There was no testimony showing any contract or agreement on the part of the district by any of its officers to repay for the construction of the sewer the amount

expended by appellee in having it done, and if the facts proved had warranted a continuation and completion of the work by appellee after the expenditure of the fund provided therefor, he was not entitled to recover more for such work than the reasonable value thereof as upon *quantum meruit,* no agreement having been made relative to the amount to be paid therefor.

McIlroy testified that the amount charged was excessive, and the city engineer, who had investigated the construction after the claim for compensation, testified that 75 cents per foot was the outside reasonable price for such work of construction.

Under the instruction given, this testimony was disregarded and the jury directed to find against the district for the amount of money expended in the completion of the sewer, without regard to the reasonable value of the work done, which was a question for the jury.

The court erred also in giving said instruction No. 7, allowing the jury, if they found from a preponderance of the evidence that members of the board of the sewer district had personal knowledge that appellee was constructing the sewer and "permitted him to complete same without notifying him to cease work, and you further find from a preponderance of the evidence that plaintiff expended his own money in completing same, and that the money of his own was actually spent in good faith by him, and it was necessary to spend same for the proper completion of said improvement, then defendant, commissioners, are estopped from claiming that the district should not pay for said improvement, and you will find for plaintiff against said district."

This instruction was erroneous, as contended, since it left out entirely of the jury's consideration the question of whether the commissioners had knowledge that the sum contributed for construction of the sewer had been exhausted and any knowledge on the part of the commissioners that the appellee was proceeding to the completion of the construction of the sewer after the expendi-

ture of the money provided therefor, in which event only could the district have been estopped, if at all.

It is true that in instruction No. 8 the court told the jury that the district would not be liable if the money was expended by appellee without authority of the board of commissioners, unless "you find that said commissioners, or some of them, had knowledge or information that the plaintiff was making such expenditures in excess of the amount of money borrowed from H. E. Jackson and W. E. Graham for that purpose." This statement, however, was not a qualification of instruction No. 7, which allowed the jury to find against the district if any of the members of the board had information that he was constructing the sewer and permitted him to complete same without notifying him to cease work. He was directed by the board to construct the sewer, for which they expected to pay out of the money contributed for the purpose, and certainly their knowledge that he was proceeding with the work, and failure to notify him to cease operation if such amount had been expended, could not estop the district from denying liability for payment for work done after the amount contributed had been exhausted, nor without it being shown, which was not done, that the members knew of the continuation of the work to completion by the appellee at his own expense after exhaustion of the fund provided for its construction.

In cases of conflicting instructions the jury is left without proper direction, and the error in giving said instruction No. 7, which authorized the jury to find against the district, was not relieved against by the provision in correct instruction No. 8.

On the cross-appeal it will suffice to say that the undisputed testimony shows that appellee had no contract with the district through its Commissioner McIlroy, warranting his expenditure of his own funds in the completion of the construction of the sewer with the expectation of its repayment by the district, nor was there any testimony showing any conduct on the part of McIlroy, as commissioner, that warranted any inference or finding

that he had induced the appellee to expend his money in the completion of a contract which he had attempted without authority to make for the sewer district. The court properly directed the verdict as to him.

For the errors designated the judgment will be reversed, and the cause remanded for a new trial. It is so ordered.